IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER STROSS, | § § § | |
| *Plaintiff*, | § § | 5-18-CV-01039-JKP-RBF |
| vs. | § § § | |
| HEARST COMMUNICATIONS, INC., HEARST CORPORATION, HEARST NEWSPAPERS, LLC, HEARST NEWSPAPERS II, LLC, HEARST SEATTLE MEDIA, LLC, HEARST MEDIA SERVICES CONNECTICUT, LLC, MIDLAND PUBLISHING COMPANY. LLC, HURON PUBLISHING COMPANY, LLC, EDWARDSVILLE PUBLISHING COMPANY, LLC, | § § § § § § § § § § § § § | |
| *Defendants*. | § | |

## ORDER

Before the Court is the status of the above-referenced case, which was recently reassigned to the docket of the Honorable Jason K. Pulliam, United States District Judge. Although the Court recognizes that a Scheduling Order has already been entered in this case, within **fourteen (14) days** from the date of this Order, the parties should confer and submit joint scheduling recommendations that conform (to the extent possible) to the new presiding judge's attached template. To the extent the parties believe the circumstances of this case merit changes to the Court's standard scheduling order, they should explain the proposed changes and the basis for them.

**IT IS SO ORDERED**.

SIGNED this 30th day of October, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER STROSS, | § | |
| | § | |
| *Plaintiff*, | § | 5-18-CV-01039-JKP-RBF |
| | § | |
| vs. | § | |
| | § | |
| HEARST COMMUNICATIONS, INC., HEARST CORPORATION, HEARST NEWSPAPERS, LLC, HEARST NEWSPAPERS II, LLC, HEARST SEATTLE MEDIA, LLC, HEARST MEDIA SERVICES CONNECTICUT, LLC, MIDLAND PUBLISHING COMPANY. LLC, HURON PUBLISHING COMPANY, LLC, EDWARDSVILLE PUBLISHING COMPANY, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## AGREED[1] SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the Scheduling Order to control the course of this case.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before _____ [Generally, 30 days from date of this order].

3. Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before _____ [Generally, 60 days from date of this order], and each opposing party shall respond, in writing on or before _____ [Generally, 14 days after receipt of the offer of settlement]. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a

---

[1] This document should generally be filed as an agreed upon recommendation. If any party cannot agree to certain deadline, that party should indicate with specificity why a dispute exists as to the appropriate deadline.

settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

4. On or before _____ [Generally, 60 days from date of this order], the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is _____ [Generally, 60 days from date of this order].

5. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____ [Generally, 90 days from date of this order].

6. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____ [Generally, 120 days from date of this order].

7. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9. Parties shall initiate all discovery procedures in time to complete discovery on or before _____ [Generally, 180 days from date of this order]. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before _____ [Generally, 15 days after the discovery deadline].

11. On or before _____ [Generally, 15 days after the discovery deadline], the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before _____ [Generally, 45 days after the discovery deadline], parties shall file any dispositive motions, including motions for summary judgment on all or some of the

claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

14. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on _____, and the parties have *(agreed/disagreed)* as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order_____.

                                                                                                _____
                                                                                                (Signature)

                                                                   _____
                                                 (Print of type name)

                                                ATTORNEY FOR

                                                         _____
                                                  (Print or type name)

CERTIFICATE OF SERVICE